VICTOR BROWN and SADIE BROWN, Appellants, v. GEORGE S. MONTGOMERY, FRED W. KLABER and WALTER L. YOST, Members of and Constituting JACKSON COUNTY BOARD OF ZONING ADJUSTMENT, Defendants, WOMEN'S CHRISTIAN ASSOCIATION OF KANSAS CITY, MISSOURI, ET AL., Intervenors.—No. 39630.—193 S. W. (2d) 23.

Division One, March 11, 1946.

*William G. Boatright* for appellants.

*Floyd R. Gibson* for defendents.

*Cyrus Crane* and *Rudolph Heitz* for intervenors.

1044

■ DALTON, C.—This is an appeal from a judgment entered in a certiorari proceeding instituted to review a decision of the County Board of Zoning Adjustment of Jackson County denying appellants' application for a permit to change the use of their property and make alterations. The court found that the Board had erred in its determination of the use made of appellants' property on the effective date of the Zoning Order and remanded the cause for correction of the error and a redetermination of appellants' application in conformity with the court's opinion.

On December 19, 1944, the circuit court of Jackson County permanently enjoined appellants from using the property in question as a dance hall until they should apply for and obtain from the Zoning Engineer of said county a permit authorizing such use and such alterations as were necessary or desired. On appeal the injunction decree was affirmed by this court. Women's Christian Association of Kansas City v. Brown et al., 354 Mo. 700, 190 S. W. (2d) 900. Substantially all of the record and evidence in that case was offered and received in evidence in this cause at the hearing before the circuit court. The facts stated in the opinion of this court in that case are essential to an understanding of the issues presented here and reference is had to that opinion for said facts.

Pending the appeal of the injunction suit, appellants applied to the Zoning Engineer of said county for a permit to change the use of their property from a lawful non-conforming use to what they alleged to be another non-conforming use of the same classification, towit, from use as a "public stable" to use as a "dance hall", and to effect necessary alterations. A hearing was had before the Zoning Engineer. ■ The hearing related particularly to the character of the use being made of appellants' property on and prior to April 26, 1943, the date of the adoption of the Zoning Order by the County Court of said county. The Zoning Engineer found that appellants' operation of their premises on that date was "such as would commonly

and ordinarily be classified as a public stable''; that dance halls were in the same classification; and that the Zoning Order permitted a change of use from one non-conforming use to another non-conforming use of the same or a higher classification. He authorized the change of use and proper interior alterations of the building thereon, but ordered that the changed use be not expanded or enlarged from the former use; and that the physical properties located on the premises be not structurally altered without the consent of the proper authorities.

The Women's Christian Association and other interested property owners appealed from the finding and decision of the Zoning Engineer. On the appeal, evidence was heard by the County Board of Zoning Adjustment and the Board found that appellants' use of the property was that of a "commercial and riding stable and tracks''; that such use was in District "D'' of the Zoning Order of Jackson County; that dance halls were permissible only in District "F'' and "lower district''; and that said application comprehended a change to a use of a "lower classification.'' The finding of the Zoning Engineer was reversed and the application for a permit denied.

Appellants, thereupon, filed their petition for a writ of certiorari to review said decision and prayed permission to offer additional evidence. See Laws 1941, pp. 487, 488, Sec. 12. Certain intervenors and the Board of Zoning Adjustment appeared and filed answers to the petition for the writ of certiorari. The Board of Zoning Adjustment, in compliance with the writ of certiorari, filed in the circuit court a certified copy of its records and other data, including the application for the permit, the judgment entry in the case of Women's Christian Association v. Brown, supra, the permit issued by the Zoning Engineer, the appeals taken by the Intervenors to the Board of Zoning Adjustment, the minutes of the Board and its findings on the appeals. The transcript showed that the cause had been heard on appeal, with briefs filed and arguments presented. Appellants admit that the evidence heard by the Zoning Engineer and by the Board of Zoning Adjustment was not preserved, and say that no provision is made therefor in the Enabling Act or in the Zoning Order. In any case, the record certified to the circuit court did not contain a transcript of the evidence heard by the Zoning Engineer or by the Board of Zoning Adjustment.

In the hearing before the Circuit Court, as stated, the parties offered in evidence substantially all of the record and evidence in the case of Women's Christian Association v. Brown, supra, together with additional testimony, both oral and documentary, certain admissions by the parties and a part of the testimony and record in the case of Brown v. Fraas (where appellants had sought an injunction against the County Planning and Zoning Board, as mentioned in the opinion in Women's Christian Association v. Brown, supra).

1046

The Circuit Court found that appellants were operating a "public stable" at the time the Zoning Order became effective; that public stables and dance halls were within the same classification, towit, District "F" of said Section 11 of the Zoning Order; that "in the spring or early summer of 1944 they (appellants) abandoned the use of their stables and at that time expended large sums of money in converting said stables to a dance hall and thereafter attempted to operate a dance hall in said building, all without lawful authority so to do"; and that a permit was not applied for until after appellants "had changed the use of their property from a public stable to a dance hall and after alterations were made . . . in changing the use of said building."

By the decree, the cause was remanded to the Board of Zoning Adjustment with directions: (1) to correct its erroneous holding with reference to the use being made of the property at the effective date of the Zoning Order; (2) to determine a question not passed upon by the Board, but which the court held was required to be passed upon before the Board could be required to issue a permit, towit, whether the non-conforming use was being expanded, and (3) "to pass on the permit issued by the County Zoning Engineer in conformity with the opinion filed." The opinion referred to stated that appellants were not entitled to a reversal of the decision of the County Board of Zoning Adjustment, even if the finding of the Board was erroneous, because "the zoning law and County Zoning Order require that a permit be issued before a building is altered for use," while "here the plaintiffs altered their building for use without securing a necessary permit and now ask this court to direct the Board of Zoning Adjustment to ratify their violation of the zoning law." The opinion also stated that whether or not a non-conforming use was expanded was for the decision of the Zoning Engineer and the Board of Zoning Adjustment and not for the circuit court "in the first instance."

Appellants assign error on the trial court's refusal "to order and direct the Board of Zoning Adjustment to affirm (the) decision of the Zoning Engineer in issuing the permit." It is contended that "the decision of the Zoning Engineer was based on substantial evidence touching every element properly to be considered"; that it "was a legally permissible decision on the facts and within the scope of a properly exercised administrative discretion"; and that "the judgment and decision of the Zoning Engineer granting the permit is not subject to review by the Board of Zoning Adjustment or the circuit court except for errors of law."

As stated, the evidence heard by the Zoning Engineer was not preserved and is not before us, but in the hearing before the circuit court the parties stipulated that all or any part of the transcript of evidence in the case of Women's Christian Association v. Brown, supra,

material to the issues, could be offered by either party and that such evidence, together with any additional evidence which might be offered by the parties and received by the trial court, would be considered by the trial court *"as the evidence heard before the Zoning Engineer and the Board of Zoning Adjustment."* Whether such a stipulation of parties is binding on this court on appeal in a case, where it is admitted and the record clearly shows that such evidence was not the evidence heard by the Zoning Engineer, need not be determined. Nor need we determine whether the finding of the County Board of Zoning Adjustment (concerning the use of appellants' property on the effective date of the Zoning Order) was based on substantial evidence. We direct our attention solely to the issues presented by appellants.

Assuming that the decision of the Zoning Engineer was based upon substantial evidence and was "a legally permissible decision on the facts," was his decision binding on either the Board of Zoning Adjustment, or the Circuit Court? The applicable statute, towit, Laws 1941, pp. 487, 488, Sec. 12, provides: ". . . Appeals to the Board of Zoning Adjustment may be taken by any person aggrieved or by a public officer, department, board or bureau affected by any decision of the administrative officer in administering a county zoning ordinance. . . . An appeal shall stay all proceedings in furtherance of the action appealed from, unless (et cetera) . . . The board of adjustment shall have the following powers and it shall be its duty:

"1. To hear and decide appeals where it is alleged there is error of law in any order, requirement, decisions, or determination made by an administrative official in the enforcement of the county zoning regulations.

"2. To hear and decide all matters referred to it or upon which it is required to pass under county zoning regulations.

"3. In passing upon appeals, . . . (under conditions therein stated) . . ., the Board may vary or modify the application of any of the regulations or provisions . . . In exercising the above powers, such board may in conformity with the provisions of the act, reverse or affirm wholly or partly, or may modify the order, requirement, decision or determination appealed from and may make such order, requirement, decision or determination as ought to be made, and to that end shall have all the powers of the officer from whom the appeal is taken. . . ."

In this case only the intervenors appealed from the decision of the Zoning Engineer and appellants insist that the appeals "invoked consideration of errors of law only committed by the Zoning Engineer"; that neither the Board of Zoning Adjustment nor the Court was authorized to substitute its judgment, opinion, or discretion "for the administrative discretion vested in and exercised by the Zoning Engineer"; and that the Zoning Engineer's determination from the facts, that a permit be issued, is final and conclusive. Appellants'

theory is that the power of the Board of Zoning Adjustment is expressly limited by subdivision one of the powers granted by the statute, supra, and that the Board could *only* consider *errors of law* on the appeals of the intervenors from the Zoning Engineer's decision. Appellants concede that the character of appellants' "pre-existing non-conforming use is fundamental in granting or denying a permit," but insist the issue of fact was finally determined by the Zoning Engineer.

The appeals taken by the intervenors to the Board of Zoning Adjustment do not appear in the record. The transcript recites that "they are not here reproduced, as Victor Brown and Sadie Brown raised no question on this appeal respecting the regularity, manner or timeliness of the appeals taken by the intervenors from the action of the Zoning Commissioner in issuing said permit to the Board of Zoning Adjustment." Accordingly, it does not appear from the record that any of these appeals were within the express terms of subdivision one of the statute, supra, or that any intervenor *alleged* that there was "error of law" in the decision appealed from. The permit issued by the Zoning Engineer shows that the application for a permit presented an issue of fact and that, "in view of the extended dispute over the use" of the property, he sought "additional information on the character of the use of these premises on and prior to April 26, 1943," and requested the interested parties to offer information relating to such use before determining the issue of fact. The record further shows that the same issue of fact was presented to the Board of Zoning Adjustment and to the Circuit Court.

As appears, supra, the statute expressly provides that appeals to the Board of Zoning Adjustment may be taken by *any* person aggrieved by *any* decision of the administrative officer in administering a county zoning ordinance. On appellants' theory, the Board would have no authority to pass on the merits of any such appeals, *except* "where it is alleged there is error of law in any order, requirement, decision, or determination made by an administrative official" (subdivision 1), or where the controversy arose under subdivisions (2) or (3) with reference to the application of the zoning regulations to particular real estate and where the Zoning Engineer was not authorized to act in any event. See Laws 1941, p. 487, Sec. 12 and Secs. 3 and 22 of the Zoning Order of Jackson County. The parties agree that the decision of the administrative fact finder is final and binding on the courts, if supported by substantial evidence (State ex rel. Nigro v. Kansas City, 325 Mo. 95, 27 S. W. (2d) 1030; Botz v. Garrett, 236 Mo. App. 566, 159 S. W. (2d) 367; Berard v. Board of Adjustment of the City of St. Louis (Mo. App.), 138 S. W. (2d) 731), but appellants rely on the Zoning Engineer, while respondents (defendants and intervenors) rely on the Board of Zoning Adjustment, as the final fact finder. Appellants further contend that a construction of Sec.

12, Laws 1941, pp. 487, 488, as permitting de novo trials of fact issues by the Board of Zoning Adjustment, gives subdivision one no meaning and that such construction is contrary to the established rule of construction, "that all parts of the statute must, if possible, be given meaning and effect." Castilo v. State Highway Comm., 312 Mo. 244, 279 S. W. 673, 677; Nordberg\v. Montgomery, 351 Mo. 180, 173 S. W. (2d) 387. Appellants further say the act was taken from a Model Act form and that the words "of law" were added to subdivision one and thus show an intent to limit appeals to issues of law.

Section 12 of the Act, supra, must be read and considered as a whole. In providing for appeals to the Board of Zoning Adjustment by *any* person aggrieved by *any* decisions of the administrative officer, it necessarily intended for the Board of Zoning Adjustment to have authority to dispose of such appeals. The powers expressly granted by subdivisions 1, 2 and 3 of Section 12 are powers not necessarily included and authorized to be exercised because of the mere general provision for appeals from the decision of the administrative officer to the Board of Zoning Adjustment. It is apparent from a reading of subdivision one in Sec. 12 that it does not apply generally to all appeals previously authorized by the act, but only to those "appeals where it is alleged there is error of law" in the decision, order or requirement of the administrative official. The act further provides that in the exercise of the particular enumerated powers, the board may "in conformity with the provisions of the act" (which act includes the right of any aggrieved person to appeal to the Board from any decision of the administrative officer), "reverse or affirm wholly or partly, or may modify the order, requirement, decision or determination appealed from and may make such order, requirement, decision or determination as ought to be made, *and to that end shall have all the powers of the officer from whom the appeal is taken.*" (Italics ours.)

We hold that the act provides for a de novo hearing by the Board of Zoning Adjustment on appeals from the decision of the Zoning Engineer. The decision of the Zoning Engineer was not, therefore, conclusive and binding on the Board on issues of fact. The trial court did not err in failing to direct the Board to affirm the decision of the Zoning Engineer in issuing the permit.

Appellants further contend that "the court erred in holding that the permit could be . . . denied because appellants had prior to applying therefor been guilty of violation of the Zoning Order." Appellants say there is no provision in the Enabling Act or Zoning Order authorizing a denial on such ground; and that neither the Board of Zoning Adjustment nor the court has power to assess any other or further penalty than the penalties expressly provided. for by the act. As stated, the trial court, in an opinion filed, stated that the court had no authority to direct the Board of Zoning Adjustment to ratify appellants' violation of the zoning law; and that appellants

were not entitled to a reversal of the decision of the Board or to an order that the Board affirm the action of the Zoning Engineer in issuing the permit. The court said that appellants were not entitled to this relief because they had "refused to follow the procedure provided by the Act of 1941 and the County Zoning Order;" and that the Act and the Zoning Order required that a permit be issued *before* a building was altered for use. No doubt the court referred to the prohibitions in Sec. 21 of the Zoning Order of said county, which in part provides: "No building or other structure shall be erected, constructed, reconstructed, or enlarged, nor shall it be altered in such a manner as to prolong the life of the building, nor shall the use of any land be changed without *first* obtaining a permit from the Zoning Engineer to be issued in accordance with the terms of this Order. No permit shall be issued unless there shall *first* be filed in the office of the Zoning Engineer, by the applicant therefor information satisfactory to the Zoning Engineer . . ." (Italics ours.)

Intervenors "agree with appellants that the circuit court was in error in holding that a permit could be denied on the ground that appellants had violated the Zoning Order." However, the appellants appealed from the decree, or final judgment of the court, and the matters complained of by appellants were not incorporated in the decree. As stated, the court by the decree found that appellants were operating a public stable on the effective date of the zoning order; that appellants had changed the use of their property from a public stable to a dance hall; that appellants had applied for a permit *after* the change of use and after alterations had been made; and that the Board had erroneously found that appellants were using the property as a "commercial riding stable and tracks" and had denied the application on that ground. The decree remanded the cause to the Board of Zoning Adjustment to correct the erroneous ruling concerning the use of the property, to determine the issue of expansion of the non-conforming use and "to pass on the permit issued by the County Zoning Engineer in conformity with the opinion filed in the cause." The opinion, as filed, stated: "The zoning law and zoning order provide that the Zoning Engineer and the Board of Zoning Adjustment are given authority to determine whether a non-conforming use is expanded before they are required to issue a permit. This decision is to be made not by this court in the first instance but by the Zoning Engineer and the Board of Zoning Adjustment. This question has not been passed on by the Board of Zoning Adjustment."

On appeal, we are not concerned with the erroneous reasons assigned, if the particular decree entered by the court, is not erroneous. Holland Banking Co. v. Republic National Bank, 328 Mo. 577, 41 S. W. (2d) 815, 820; Huttig v. Brennan, 328 Mo. 471, 41 S. W. (2d) 1054, 1062; State ex rel. Mulholland v. Smith, 141 Mo. 1, 9, 41 S. W. 906; Ragsdale v. Brotherhood of R. Trainmen (Mo. App.), 157 S. W.

(2d) 785, 789. We must consider what the court ruled by the decree and not what it said in the opinion. The matter complained of here does not appear in the decree, and we must look to other errors, if any, pointed out by appellants.

 Appellants finally contend that "the court erred in not holding that denial of the permit *would constitute* an unconstitutional deprivation of appellants' property and rights without due process of law and the taking of the same for public use without just compensation." (Italics ours.) Appellants further say that "under this Zoning Order and under the facts in this case *denial of a permit* to change the use and to make interior alterations necessary to accommodate such changed use *constitutes* an unconstitutional deprivation of appellants' property . . ." (Italics ours.) On the other hand, appellants admit that under the decision of the trial court "the case is remanded to the Board for further consideration." In the reply brief, appellants say, "we contend that *if a permit were to be denied* under the circumstances of this case, *then the zoning laws and regulations so construed* and applied *would be* unreasonable and, therefore, unconstitutional." (Italics ours.)

The decree appealed from does not deny a permit to appellants, but directed the correction of an alleged error of fact in accordance with appellants' position on that issue and remanded the cause to the Board in order that the application for a permit be passed upon with reference to the issue of expansion of a non-conforming use, an issue not expressly considered and passed upon by the Board. The decree is not subject to the criticism leveled against it, as appellants in effect concede on the face of their assignment of error.

The judgment is affirmed. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.