Dear Honorable Thompson,
The Attorney General has received your request for an official opinion asking, in effect:
 Does the replacement of equipment, such as fixtures of the plant, fall within the definition of a manufacturing facility as provided by Okla. Const. Article X, Section 6B so as to subject the facility to abatement from all property taxes for five years from the time of installation?
The constitutional provision mentioned in your request is Okla. Const. Article X, Section 6B, which became a part of the Oklahoma Constitution following adoption of State Question 588, Legislative Referendum No. 252, at an election held on April 30, 1985. The relevant part of Okla. Const. Article X, Section 6B, is as follows:
 "For the purpose of inducing any manufacturing concern to locate or expand manufacturing facilities within any county of this state, a qualifying manufacturing concern shall be exempt from the levy of any ad valorem taxes upon new, expanded or acquired manufacturing facilities for a period of five (5) years.
* * *
 "For the purposes of this section 'manufacturing facilities' shall mean facilities engaged in manufacturing as defined by the Standard Industrial Classification Code and facilities engaged in research and development." (Emphasis added).
Your question requires a two-fold analysis. The first part concerns the definition of a manufacturing facility within the meaning of Okla. Const. Article X, Section 6B.
As stated in the constitutional provision, the term is defined by the Standard Industrial Classification Code (SIC). The description of such a term is provided in the Standard Industrial Classification Manual which is prepared by the United States Department of Commerce, Office of Federal Statistical Policy and Standards (1977 amendments).
The SIC was developed for use in the classification of establishments by type of activity in which they are engaged. Division "D" of the manual discusses manufacturing:
 "The manufacturing division includes establishments engaged in the mechanical or chemical transformation of materials or substances into new products. . . . Establishments engaged in assembling component parts of manufactured products are also considered manufacturing if the new product is neither a structure nor other fixed improvement. Also included is the blending of materials[.]" Standard Industrial Classification Manual, Division D; Manufacturing, p. 57.
New, expanded or acquired facilities falling within this definition, along with facilities engaged in research and development, would be eligible to receive the ad valorem tax exemption as provided by Okla. Const. Article X, Section 6B.
The second part of the analysis concerns the situation directly addressed by your question, where a manufacturing facility replaces its equipment. That is, does the replacement of equipment constitute expansion of the manufacturing facility within the meaning of Okla. Const. Article X, Section 6B, such that the facility may avail itself of this tax exemption provision? To answer this question it is necessary to define the meaning of "expand."
"Expand" is defined as "to increase the range, scope, volume, size, etc., of. . . ." New Comprehensive International Dictionary of theEnglish Language (Funk Wagnall, 1982 ed., p. 446). A review of court cases from other jurisdiction offers additional guidance on the meaning of "expand." "Expand" means "an extension of a use or an increase in intensity of the same use." People v. Triem Steel Processing,125 N.E.2d 678, 679 (Ill.App. 1955). The Illinois Supreme Court has said "expand means to extend, to enlarge." Federal Electric Co. v. ZoningBoard of Appeals, 75 N.E.2d 359 (Ill. 1947).
Increase of volume of business alone is not an expansion. However, where there have been improvements, alterations and a change of use of the facility, such actions have been considered an "expansion." Brown v.Gambrel, 213 S.W.2d 931 (Miss. 1948).
The word "expansion" is synonymous with "enlargement." State v.Spink Hutterian Brethren, 90 N.W.2d 365 (S.D. 1958).
Thus, to "expand" a manufacturing facility could include among other things to increase the range, scope, volume or size of the facility. "Expand" might be an extension, enlargement or increase in intensity of the same facility. Increasing the volume of business alone is not an expansion of the facility, but where there have been improvements, alterations or a change in the use of the facility, such action could be to "expand."
Whether the replacement of equipment within a manufacturing facility results in an expansion of the manufacturing facility would thus be dependent upon the facts of each situation. Such factual determinations cannot be addressed in an Attorney General Opinion.
Finally, we note the language in Okla. Const. Article X, Section 6B, which states:
 "The exemption allowed by this section shall apply to expansions of existing facilities. Provided, however, that any exemption shall be limited to the increase in ad valorem taxes directly attributable to the expansion."
Clearly, the language of this constitutional provision permits expansions of existing facilities to avail themselves of the tax exemption provision. However, any exemption is limited to the "increase in ad valorem taxes directly attributable to the expansion."
It is, therefore, the official opinion of the Attorney General thatwhether the replacement of equipment within a manufacturing facility canbe classified as "to expand the manufacturing facility" within themeaning of Okla. Const. Article X, Section 6B is a question of fact thatcannot be answered in an Attorney General Opinion.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
SUSAN B. AGOSTA, ASSISTANT ATTORNEY GENERAL CHIEF, LEGAL SERVICES