STATE ex rel. JAMES JOHNSTON, Respondent, v. L. W. BADGER, Appellant.

| 90 | 183 |
|----|-----|
| 97 | ²529 |

St. Louis Court of Appeals, November 5, 1901.

1. Cities, Towns and Villages: TREASURER'S QUALIFICATION IN CITIES OF THE FOURTH CLASS. A treasurer's qualification in a city of the fourth class is prescribed by statute.

2. ——: ACTS OF DE FACTO OFFICERS. Acts of de facto officers are presumed to be valid against collateral attack.

3. ——: ——. And the appointment of a treasurer by a de facto mayor of a city of the fourth class is no more subject to collateral impeachment than anything else he does.

4. Minutes of Meeting of City Council Need not be Signed by Clerk. Minutes of the council proceedings in cities of the fourth class are not required to be signed by the city clerk.

5. ———: EVIDENCE. And such minutes become competent evidence when a proper foundation for their admission is laid by the clerk's testimony, that they are the records of the council meetings as they purport to be, written by himself pursuant to his official duties.

Appeal from Barry Circuit Court.—*Hon. Henry C. Pepper,* Judge.

AFFIRMED.

*D. H. Kemp* and *Joe French* for appellant.

(1) The trial court should have sustained the objection of defendant to the introduction of any evidence under the pleadings in this cause, for the reason assigned; the petition was insufficient in law; every fact which had to be proven by relator should have been pleaded, and simply stating that "he had and now has all the qualifications required by law for said office of city treasurer" does not meet the requirements and rules of pleading. This is simply a conclusion or opinion by the relator to a fact, which is the province of a court to judge. There was no ordinance pleaded showing the necessary qualifications to hold the office, should he have been regularly appointed otherwise. The burden of establishing his rights was on relator, and nothing could be inferred. Municipal ordinances, not being subjects of judicial notice, must be pleaded with as much certainty of description as their subject-matter and effect as a contract, or other private paper, and where rights are asserted under the provisions of a city or town ordinance, the pleadings must set forth those provisions. The State ex rel. v. Oddle, 42 Mo. 210; Crone v. Malinckrodt, 9 Mo. App. 316; Keane v. Klausman, 21 Mo. App. 489. (2) The demurrer should have been sustained to relator's evidence. First. Because the ordinance offered by the relator provided, "That the

mayor with the consent and approval of a majority of the members elected to the board of aldermen, shall appoint, on the second Tuesday in April of each year, a city treasurer," etc. The relator's evidence offered does not comply with or meet the requirements of this section, but contradicts the same, and shows that if he was appointed, it was not in strict compliance with the laws governing the acts of the board. These provisions must be strictly observed; and the choice of an officer, in any way not prescribed by law, is void. Tiedeman on Municipal Corporations, secs. 75 and 76, p. 113 and 114. Second. Because relator failed to show that J. S. Farrow was the duly elected, qualified and acting mayor, clothed with any power to issue certificates of appointments. This is one of the many allegations of relator that was not supported by proof of any kind, and expressly denied in the answer of defendants. Third. Because relator failed to prove by competent evidence that he filed his oath of office and bond, as required by law. The oath of office and bond were the best evidence, and no foundation was laid or offered to supply this point with secondary evidence.

*Davis & Steele* for respondent.

(1) We submit that there is absolutely nothing in this record that would in any way justify an appeal, and the persistence of defendant in defying the law and the city authorities would warrant this court, in addition to affirming the judgment of the lower court, in imposing a fine on appellant for his unlawful and willful usurpation and holding this office, which the court is authorized to do under the Revised Statutes 1899, section 4461, and which we insist should be done. Under the contention and position of appellant the law should be repealed or else amended so as to read: The mayor with the consent and approval of L. W. Badger, may appoint a city treasurer,

etc. All the requirements of the statute have been complied with by the mayor and board of aldermen of the city, and respondent has fully qualified and is entitled to enter upon the discharge of the duties of his office. All the objections raised by appellant are frivolous and untenable in any court. This appeal was evidently taken for delay merely, and should be disposed of at an early day, so that the affairs of the city of Monett can proceed orderly and not be blocked and retarded by an obstinate man. We submit that this appeal being without merit, and no error appearing, the judgment should be affirmed and a fine imposed on appellant for willfully holding this office in defiance of any semblance of right.

GOODE, J.—This action is an information in the nature of a writ of quo warranto filed by John T. Burgess, prosecuting attorney of Barry county, at the relation of James Johnston, against L. W. Badger, who is charged with usurping and illegally holding the office of treasurer of Monett, a city of the fourth class in said county. Section 5907, Revised Statutes 1899, empowers the mayor of such a city to appoint, with the consent and approval of a majority of the members elected to the board of aldermen, a treasurer, street commissioner, city attorney, and such other officers as he may by ordinance be authorized to appoint. Section 37 of the revised ordinances of said city is as follows: "The mayor, with the consent and approval of a majority of the members elected to the board of aldermen, shall appoint, on the second Tuesday in April of each year, a street commissioner, a treasurer, city attorney, city engineer, superintendent of waterworks, and other regular officers that may be provided for by ordinance, who shall hold their offices until their successors are appointed and qualified; and in case of vacancy in any of said offices the mayor, by and with the advice and consent of the board of aldermen, shall fill such

vacancy by appointment."

On May 28, 1901, the mayor, J. S. Farrow, by a signed writing appointed the relator, James Johnston, treasurer, for one year. The council authorized the action before it was done and approved the record of it afterwards. Johnston was forthwith commissioned, and qualified by giving bond and taking the oath of office. On May 31, a notice was delivered to Badger, who had theretofore been acting as treasurer, to turn over to Johnston, as his duly elected and qualified successor, all moneys, rights and credits belonging to the city of Monett, which notice was signed by the mayor and four aldermen. Badger refused to surrender the office or property, and this proceeding was therefore instituted.

The trial went off on a demurrer to the respondent's evidence. . Appellant stood on his demurrer and final judgment was rendered, ousting Badger from the office and prohibiting him from using, exercising or meddling with its duties and franchises. He came to this court on frivolous exceptions and with no showing whatever against relator's title or in favor of his own. The information is carped at but it was carefully drawn and is sufficient. A treasurer's qualifications, as indeed those of all officials of cities of the fourth class, are prescribed by statute. R. S. 1899, secs. 5916 and 5974. Public laws need not be pleaded nor their provisions set out. . The information alleged Johnston possessed the requisite qualifications, and the testimony proved he did. That was enough. State ex rel. v. Oddle, 42 Mo. 210. Appellant introduced no ordinance prescribing other qualifications, and if he had, we should doubt its validity. At any rate, it was his place to prove such an ordinance, if there was one. State ex rel. v. Oddle, supra.

There is no merit in the point that relator was appointed in May instead of on the second Tuesday of April. While the statute mentions the latter date, it is so far directory as to time

that a subsequent appointment is good.

It is further contended respondent failed to prove Farrow was the duly elected, qualified and acting mayor when he appointed relator. Appellant says in his answer he was acting as mayor and the records and documents in evidence show he was. Acts of *de facto* officers are presumed to be valid against collateral attacks. If Farrow was *de facto* mayor, his appointment of a treasurer was no more subject to collateral impeachment than anything else he did, especially as his title to the office of mayor is in no way denied or challenged. State v. Holcomb, 86 Mo. 371; Wilson v. Kimmel, 109 Mo. 260.

On the day Johnston was appointed but prior to the act, the council, after reading and filing a protest lodged by Badger, declared the office of treasurer vacant. It seems Johnston was first appointed May 7, but on account of some informality was reappointed May 28. The argument that the office was not then vacant is fallacious. By the provisions of the ordinance, Badger's term extended, at furthest, only until Johnston was appointed and qualified as his successor, unless his commission ran longer, which is not claimed.

It is strenuously urged that the minutes of the council proceedings were improperly admitted in evidence because they were not signed by the city clerk. No statute has been pointed out which requires them to be signed nor do we understand that to be a necessary condition of their reception as evidence. They became competent when a proper foundation for their admission was laid by the clerk's testimony that they were records of council meetings as they purported to be, written by himself pursuant to his official duties. 1 Dillon on Municipal Corporations, (4 Ed.), sec. 293; Hutchinson v. Pratt, 11 Vt. 402.

Appellant's behavior in this affair deserves severe censure and some punishment. It is no slight matter for an incumbent of an office to unlawfully and without color of right refuse

to turn it over to his duly chosen successor.   Such conduct is a flagrant defiance of law and disregard of the public will.   No justification or excuse for appellant's arbitrary usurpation was shown and he may consider himself fortunate that the trial court did not impose a fine against him as it might properly and justly have done.

The judgment is affirmed.   All concur.