Garland WILSON and Jane A. Wilson, Appellants,

v.

R. L. DOUGLAS, Mary Diller Brown, Elton Klamm, Doyle Norris, and Earl Clark, Members of the Board of Adjustment of the City of St. Joseph, Missouri, Respondents.

No. 22507.

Kansas City Court of Appeals. Missouri.

Jan. 7, 1957.

James C. Wilson, Kansas City, Hugh A. Miner, St. Joseph, for appellants.

Francis Pickle, City Counselor, J. B. Steiner, Asst. City Counselor, and Milton Litvak, St. Joseph, for respondents.

CAVE, Judge.

This is an appeal from a judgment of the Circuit Court of Buchanan County in a proceeding to review the action of the Board of Adjustment of St. Joseph. The judgment "approved and affirmed" in all respects the action of the board in authorizing the construction of a two-family dwelling within an area zoned for single-family dwellings only.

The respondents are the members of the Board of Adjustment of the City of St. Joseph.

The record discloses that the Vineyard Realty Company (hereafter referred to as "company") applied to the Superintendent of Buildings of St. Joseph for a permit to build a duplex or two-family house on a vacant lot in Block 2 of Westminster Place in St. Joseph. The lot is within an area zoned "A", for single family dwellings only, by Ordinance 3120. The Superintendent of Buildings denied the permit, and the company appealed to the Board of Adjustment. A hearing was held before the board, and appellants, and others, appeared to protest the granting of the permit. Appellants are the owners of a tract of land abutting the lot in controversy and on which is situated a single-family dwelling. In due time, the board made its findings and conclusions, and ordered the issuance of the permit. The appellants filed their verified petition for writ of certiorari, Section 89.110, RSMo 1949 V.A.M.S., which challenged the sufficiency of the findings to support the order; the sufficiency of the evidence to support the necessary findings; the power and authority of the board to make such an order; and alleged that the action of the board was arbitrary and capricious. The return put in issue the question of the legality of the order of the board.

There is no substantial conflict in the evidence before the board. The lot in controversy was, together with other property, zoned in classification "A", single

family dwelling; that the lot was 100 feet north and south and 126 feet east and west; that the structure to be erected was "a one-story ranch type construction duplex; with five rooms in one and four in the other". The duplex would be 68 feet 8 inches long, and 45 feet 2 inches wide. It is also in evidence that the area zoned as "A" is near, if not adjacent to a zoned district "C", which permits two-family dwellings; and is not far from a district "E" which permits apartment houses. Mr. Vineyard, who apparently controls the Vineyard Realty Company, testified that he wanted to construct this duplex for the purpose of permitting his mother to live in one apartment and leasing the other; that it would be well constructed and cost approximately $20,000; that the lot lacked 132 square feet of being large enough for the construction of two separate or single family houses. He also filed with the board, without objection, a letter signed by eleven property owners in District "A" stating that they had no objection to the construction of the duplex. The appellants and a Mr. Dunn appeared and protested the granting of the permit. Mr. Dunn owned property immediately west of the lot in controversy and was in the process of developing that area as one-family residences. He and appellants were of the opinion that the construction of the duplex would adversely affect the value of the one-family homes in the area, and would set a bad precedent.

It is quite clear from the record that all of the parties appearing before the board were friends, and the protestants were reluctant to object to the construction of the duplex, but felt compelled to do so because of the precedent it would set and the effect, in their opinion, it would have on the property in District "A".

Appellants' first contention is that the trial court erred in affirming the order of the board because, under the statutes, ordinance and the evidence, the board had no jurisdiction or power to authorize, permit or approve the construction of the duplex in an area which was zoned for one-family dwellings. If this contention is correct, other questions need not be discussed.

Sections 89.010–89.140 of Chapter 89 RSMo 1949, V.A.M.S., authorize the legislative body of any incorporated city, town or village in the state, except those in counties having a population of less than 10,000, to enact and amend zoning ordinances in conformity with such statutory provisions. These sections, and ordinances enacted pursuant thereto, have been construed many times by the courts, and it would serve no useful purpose to set out in detail the various provisions thereof. The first case construing the statutes as they are now written, and an ordinance of Kansas City quite similar to the ordinance under consideration in this case, was by the court en banc in State ex rel. Nigro v. Kansas City, 325 Mo. 95, 27 S.W.2d 1030. Other similar cases are Adams v. Board of Zoning Adjustment, Mo.App., 241 S.W.2d 35, and Berard v. Board of Adjustment of City of St. Louis, Mo.App., 138 S.W.2d 731.

These cases hold that every zoning ordinance must be read and construed in connection with Chapter 89, and if any part of the ordinance is inconsistent with the statutes, it is to that extent a nullity; that the board of adjustment is entrusted with the duty of enforcing the provisions of the ordinance; and that it is an administrative body, without a vestige of legislative power. It cannot modify, amend or repeal what the ordinance itself designates as its "general rules and regulations"; that the power to do so is conferred upon the municipal legislative board and it can delegate no part of that power. Section 89.090 and Section 24 of the ordinance under consideration authorize the board to *vary* or *modify* the application of any of the regulations or provisions of the ordinance, "where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such ordinance, * * *"; but the board can in no case

relieve from a substantial compliance with the ordinance. Its administrative discretion is limited to the narrow compass of the statute; "[it] cannot * * * pick and choose as to the individuals of whom they will or will not require a strict compliance with the ordinance". State ex rel. Nigro v. Kansas City, supra, 27 S.W.2d 1032.

■ We find no evidence in the record, and respondents point to none, that the strict application of the ordinance regulations creates "practical difficulties" or "unnecessary hardship" to the company's use of its lot in compliance with Zone "A"; and the board made no such finding. It is no doubt true that the company desires to erect a beautiful duplex upon the lot, and that it would be more profitable to do so, but such facts alone will not authorize the board to *vary* or *modify* the ordinance. The effect would be to *amend* the ordinance, which the board cannot do.

■ Respondents' brief states the board's construction of its powers and authority as follows: "The respondents are a quasi judicial body, charged with the administration and preservation of public and private rights under the provisions of a zoning ordinance, and as such have considerable latitude in the exercise of their discretion in a particular case. The board may grant variance or exception where it will not be contrary to the public interest, where substantial justice will thereby be done and where the use permitted will be in harmony with, rather than contrary to, the spirit, intent, and general purpose of the zoning regulation". Respondents cite no authority in support of this contention, and we find none. It is too broad a statement of the law of this state, and is in direct conflict with the pronouncements made in the Nigro, Adams, and Berard cases, supra.

It is our conclusion that the board exceeded its jurisdiction in authorizing the construction of the duplex on the lot in question, and that the trial court erred in affirming such order.

It follows that the judgment is reversed and the cause remanded with directions to the trial court to enter judgment reversing the order of the board.

All concur.