David R. PHILLIPS and Arva Lee Phillips (Plaintiffs), Respondents,

v.

BOARD OF ADJUSTMENT OF THE CITY OF BELLEFONTAINE NEIGHBORS, Missouri, et al. (Defendants), Appellants.

No. 29771.

St. Louis Court of Appeals.
Missouri.

Jan. 7, 1958.

Vernon C. Oetting, Ernest L. Keathley, St. Louis, for appellants.

Flynn, Parker & Badaracco, Joseph L. Badaracco, St. Louis, for respondents.

WOLFE, Commissioner.

The plaintiffs below sought a writ of certiorari in the circuit court to review an order of the Board of Adjustment of the city of Bellefontaine Neighbors. The board had denied the plaintiffs a building permit for the erection of a residence. The trial on certiorari resulted in the court reversing the Board of Adjustment and directing the building permit to issue. The Board of Adjustment prosecutes this appeal.

The evidence presented disclosed that the plaintiffs desired to build a residence on Lot 4 of Belgrove Place, a subdivision in the city of Bellefontaine Neighbors. Prior to purchasing the lot plaintiffs made inquiry of the building commissioner and were told that the subdivision had been approved by ordinance 142 of the city and that the home that they planned to build conformed to existing ordinances and restric-

tions except that it had a car port instead of a garage. They were told that if they changed the plans to eliminate the car port and to provide for a garage a building permit would be issued. The contractors who were engaged to build the home for the plaintiffs later submitted the required plans to the building commissioner and were told by him that it would be useless to go over the plans because the subdivision was not in order and that no building permit would issue until the subdivision was approved.

Plaintiffs appealed to the Board of Adjustment of the city and at a hearing conducted by the board the plaintiffs related their efforts to get a permit from the building commissioner and the contractors who were to build the house also testified. They said that all of the information that they could get from the commissioner was that the Belgrove Place Subdivision violated in twenty-one particulars the requirements fixed for subdivisions.

Ordinance 28 of the city as it relates to the approval of subdivisions first requires that the subdivision be platted and then in Article XV, Section 2, it provides:

"Every subdivision of land within the incorporated area of the City of Bellefontaine Neighbors shall be shown upon the plat and submitted to the Zoning Commission for approval or disapproval. No plat shall be recorded in the office of the Recorder of Deeds and no lots shall be sold from such plat unless and until approved by the Zoning Commission and the City of Bellefontaine Neighbors."

The minutes of the Zoning Commission held on November 23, 1953, were in evidence and they stated the following:

"Item 5. Engineer's report on Plat property of Mr. and Mrs. Funk, was read and recommendations noted. Mrs. Funk stated that she desires to call this development Belgrove Place.

"Item 6. Motion was made by Frank Sibley that subject to recom-

mendations by Russell and Axon preliminary plats be accepted. Motion seconded by Ray Edwards. Affirmative vote by Quorum."

On January 21, 1954, the Board of Aldermen passed Ordinance No. 142, which is as follows:

"Be it Ordained by the Board of Aldermen of the City of Bellefontaine Neighbors, Missouri, as Follows:

"Section 1: The plat of Belgrove Place, a real estate subdivision located in the City of Bellefontaine Neighbors, Missouri, duly executed by Mr. and Mrs. Wade Funk, the owners thereof, on the 29th day of December 1953, is hereby approved and said plat is authorized to be recorded in the office of the Recorder of Deeds of St. Louis County, Missouri.

"Section 2: This ordinance shall take effect and be in force from and after its passage and approval by the Mayor.

"Passed this 21st day of January 1954."

This ordinance was duly approved by the Mayor and attested by the clerk.

The plaintiffs purchased Lot No. 4 of the subdivision in May of 1955. After they applied for a building permit they received a letter from the building commissioner dated July 29, 1955, in which he stated:

"We are sorry to inform you at this time that this Department cannot issue a permit for a building to be erected in this. Sub-division until such time certain matters pertaining to the processing of this sub-division are clarified."

And on September 20, 1955, the plaintiffs appealed to the Board of Adjustment.

The plaintiffs having submitted their evidence to the board the building commissioner then testified that the subdivision was deficient in that it failed to comply with the rules of the city ordinances relating to subdivisions. After the hearing the permit was denied by the board on the ground that the subdivision was "out of order".

The court upon review stated that it was not concerned about the subdivision of Belgrove Place and that the only question for it to determine was whether or not the applicants for a building permit had fulfilled all legal requirements entitling them to the permit that they sought. It then ruled that the decision of the board be set aside and that a building permit be directed to issue.

██ It is first contended by the appellants that the court erred in substituting its own judgment for the judgment of the board. Section 89.110 RSMo 1949, V.A.M.S., provides that the legality of a decision of the Board of Adjustment may be reviewed by the circuit court and that the court may reverse or affirm, wholly or partly, or may modify the decision brought up for review. It is true that the reviewing court should not substitute its judgment for that of the board, but it is equally true that an arbitrary or capricious or otherwise illegal ruling by the board should be set aside. Were this not true the appeal accorded would be of no value. Brown v. Gambrel, 358 Mo. 192, 213 S.W.2d 931; Veal v. Leimkuehler, Mo.App., 249 S.W.2d 491; Cunningham v. Leimkuehler, Mo.App., 276 S.W.2d 633; Berard v. Board of Adjustment of City of St. Louis, Mo.App., 138 S.W.2d 731. The circuit court found that there was no legal basis for the ruling of the board and if it is correct in this then its order reversing the ruling was not erroneous.

 It is contended here, and was contended below, that Belgrove Place does not satisfy the ordinances relating to subdivisions and therefor it would be a violation of the ordinances relating to subdivisions if the permit was granted. The Board of Adjustment has nothing to do with the approval of subdivisions. As stated above, this is done first by the Zon-

768

ing Commission and then by city ordinance. The Board of Adjustment has no authority to repeal an ordinance. It is an administrative body without a vestige of legislative authority. State ex rel. Nigro v. Kansas City, 325 Mo. 95, 27 S.W.2d 1030; Wilson v. Douglas, Mo.App., 297 S.W.2d 588. It may be that the Zoning Commission and the Board of Aldermen acted improperly in approving Belgrove Place but that question could not be decided by the Board of Adjustment.

·It is asserted that the court erred in failing to consider and construe all of the ordinances together. It is argued that all of the requirements for subdivision approval·must be read in connection with the request for a building permit on one of the lots in the subdivision. That which has been said disposes of this, and it should have been quite obvious that the only matter for consideration was whether or not Lot 4 of Belgrove Place was within the proper zone and that the building sought to be erected met with the building and zoning requirements. There is no contention that it did not.

It is stated that the doctrine of estoppel does not apply to municipalities exercising governmental authority. Holding the Board of Adjustment to the applicable ordinances is not invoking the doctrine of estoppel and that question is consequently not present.

■■ A point is made as to the admissibility of an exhibit designated as 2–A, which was a record of the meeting of the Zoning Commission held on January 18, 1954. This was the record that showed the approval of Belgrove Place by the Zoning Commission. The city clerk testified that the exhibit was made from a stencil that she prepared from notes taken by her at the Zoning Commission meeting. She retained one copy which was kept in the files as the official record and other copies were available for distribution. The stencil was then destroyed. It is the law that a record kept or prepared by a person whose public duty it is to record the facts stated in the document is admissible as evidence of such facts. Wheeler v. Fidelity & Casualty Co., 298 Mo. 619, 251 S.W. 924. And where no formal manner of keeping or attesting such records is prescribed by statute the records are competent evidence when a foundation for their admission is laid by the clerk's testimony that they are the records which they purport to be and were prepared by the clerk in the performance of the clerk's official duty. State ex rel. Johnston v. Badger, 90 Mo.App. 183.

■ The final point urged by the appellants is that the court erred in assessing the costs against the Board of Adjustment. The statute provides, Section 89.110 RSMo 1949, V.A.M.S.: "Costs shall not be allowed against the board unless it shall appear to the court that it acted with gross negligence, or in bad faith, or with malice in making the decision appealed from." It is clearly evident from the record that the board gave no consideration to the plaintiffs' request for a building permit and was interested only in nullifying the approval previously accorded Belgrove Place Subdivision. This wilful denial of the plaintiffs' permit constituted sufficient evidence of bad faith for the court to assess the costs against the board and it did not err in so doing.

For the reasons stated, it is the recommendation of the Commissioner that the judgment be affirmed.

## PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly affirmed.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.