Ivan HIMMEL, Kenneth Finn, Marvin Finn and John L. Corley, Inc., a corporation (Plaintiffs-Respondents),

v.

F. R. LEIMKUEHLER, Clarence H. Ax, M. A. Beffa, John F. Boland, Frank E. Lawrence, comprising Board of Adjustment of the City of St. Louis, Missouri, Albert H. Baum, in capacity as Building Commissioner of St. Louis, Missouri, Bernice P. Laba and June E. Laba (Defendants-Appellants).

No. 30354.

St. Louis Court of Appeals.

Missouri.

Nov. 17, 1959.

Rehearing Denied Dec. 15, 1959.

Goldstein, Tucker, Chasnoff & Elmer Price, St. Louis, for appellants Bernice P. Laba and June Laba.

James J. Gallagher, Asst. City Counselor, Thomas F. McGuire, Associate City Counselor, St. Louis, for all other appellants.

William Kohn, Louis M. Kohn, St. Louis, for respondents.

BRADY, Commissioner.

This case involves Ordinance No. 45309 as amended by Ordinance No. 47495 of the City of St. Louis, which constitute a part of the Comprehensive Zoning Ordinances of that city. These ordinances will be referred to as "zoning ordinances" herein.

Bernice P. Laba and June E. Laba, owners of the property at 3828–30–32 Washington Avenue, City of St. Louis, made application to the Building Commissioner of that city for a certificate of occupancy seeking permission to erect a two-story addition to the existing building at that address. The application was denied by the Building Commissioner and upon timely appeal to the Board of Adjustment, on February 20, 1957 the appeal was granted and his decision was reversed. No appeal was taken from the Board's decision within the thirty days allowed by the Board as authorized by Section 19–D–5 of the Zoning Ordinances (No. 45309) of the City of St. Louis following the provisions of Section 89.110 RSMo 1949, V.A.M.S., but in July of that same year the attorney for respondent John L. Corley, Inc. filed a motion with the Board seeking a rehearing of the Laba appeal, and upon the denial of the motion by the Board made a personal appearance before the Board for the purpose of urging his motion. On both occa-

sions the Board advised him that it could not grant his motion as it had lost jurisdiction of the subject matter by the lapse of the thirty-day period allowed for appeal of its decision to the Circuit Court of the City of St. Louis. No other action was taken to halt the proposed construction until respondents filed this action on June 9, 1958 in the circuit court naming the owners of the property, the Building Commissioner, and the members of the Board of Adjustment as defendants, seeking to enjoin the owners from building under the permit, and to have the permit and action of the Board declared null and void. The respondents all claim to be owners of property in the 3800 block of Washington Avenue, although the record is silent as to the ownership of property in that block of Marvin and Kenneth Finn. The circuit court sustained the respondents' position and issued its decree enjoining the Building Commissioner and the Board of Adjustment from issuing any order or orders, permit or permits, permitting the erection of any building or structure in front or to the north of the established building line in the 3800 block of Washington Avenue, and also enjoining the Labas and their agents and contractors from so erecting a building. The decree further declared the order of the Board of Adjustment granting the Labas permission to so build, and the building permit and certificate of occupancy issued in compliance with the Board's decision, null and void. Appellants' after trial motions were overruled, and they filed their appeal with the Supreme Court. Since the zoning ordinances of the City of St. Louis are not attacked as being unconstitutional and only an interpretation of those ordinances is sought, and title to real estate is not involved, upon motion of appellants, with consent of respondents, the cause was transferred to this court.

The appellants contend that the trial court erred: (1) in not finding that the respondents were estopped from seeking equitable relief by their silence and inaction for more than one year and the sub-

sequent reliance of the Labas on such representation to their great financial loss; (2) in holding the order of the Board of Adjustment void; (3) in not finding the respondents' action void as a collateral attack upon the Board's order, they having failed to exhaust their administrative remedies under the provisions of the zoning ordinances; and (4) in finding (a) that the minutes and order of the Board represented a full and complete record of the proceedings on the Laba appeal; (b) that the adjoining properties would suffer a depreciation in value if the proposed construction was completed; (c) that the proposed construction would disturb the orderly appearance of the block; and (d) that respondent Himmel had no knowledge of the proposed construction until May, 1958.

The authority of the Board to reverse or affirm, wholly or partly, or to modify the decision made in this case by the Building Commissioner is found in Section 19-D of Ordinance No. 45309 of the Zoning Ordinances of the City of St. Louis. That section first sets forth the jurisdiction of the Board "To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by the Building Commissioner * * * in the enforcement of this ordinance." The appellant urges that the Board proceeded under this section, and that their order constituted a finding that the established front yard line of the block was to the property line, contrary to the finding of the 31 ft. building line of the Building Commissioner. There is no contention by either party that the second or third subsection of that section applies in any way to the case at bar. Fourth, it gave jurisdiction "In passing upon appeals, where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of this ordinance, to vary or modify the application of any of the regulations or provisions of this ordinance relating to the use, construction or alteration of buildings or structures or

the use of land so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done." Respondents urge that the Board proceeded under this subsection and that the Board's order agrees with the Building Commissioner and finds that there was a 31 ft. building line applying to this block. The specific authority given to the Board to reverse or affirm, wholly or partly, or modify any of the requirement, decision, or determination appealed from and to make such order, requirement, decision or determination as ought to be made is found in subparagraph 5 of Section 19-D of the ordinance. The authority therein given to the Board is restricted by the use of the phrase, "in conformity with the provisions of law."

This property is located within the "H" Commercial District and the front yard regulations are the same as those in the "F" Local Business District which are set out in Section 12-D-1 of Ordinance No. 45309 as amended by Ordinance No. 47495 of the Zoning Ordinances of the City of St. Louis, as follows:

"1. Front Yard. No front yard shall be required, provided:

"(a) Where twenty-five (25%) per cent or more of the front on one (1) side of a street between two (2) intersecting streets is improved with buildings, a majority of which improved frontage has observed an average front yard line with a variation in depth of not more than six (6) feet, no building shall project beyond the average front yard line so established.

"(b) Where any of the frontage on one (1) side of a street between two (2) intersection streets is partially in a dwelling district and partially in a commercial district, the front yard regulations of the dwelling district shall apply."

■ The scope of judicial review provided for by Chapter 89 RSMo 1949, V.A.

M.S., must be read in the light of the provisions of the Constitution of 1945, Article V, Section 22, V.A.M.S. Veal v. Leimkuehler, Mo.App., 249 S.W.2d 491. Moreover, as this court said in Phillips v. Board of Adjustment of City of Bellefontaine Neighbors, Mo.App., 308 S.W.2d 765, at page 767,

"It is true that the reviewing court should not substitute its judgment for that of the board, but it is equally true that an arbitrary or capricious or otherwise illegal ruling by the board should be set aside. Were this not true the appeal accorded would be of no value. Brown v. Gambrel, 358 Mo. 192, 213 S.W.2d 931; Veal v. Leimkuehler, Mo.App., 249 S.W.2d 491; Cunningham v. Leimkuehler, Mo.App., 276 S.W. 2d 633; Berard v. Board of Adjustment of City of St. Louis, Mo.App., 138 S.W.2d 731."

The minutes of the meeting of the Board of Adjustment on Wednesday, February 20, 1957, dealing with the appeal of the Labas are as follows:

"Minutes of the meeting of the Board of Adjustment held at 1:30 P.M., Wednesday, February 20, 1957, Room 208, City Hall

Present: Messrs. Beffa, Boland, Leimkuehler, Lawrence

Absent: Mr. Woermann

Mr. Beffa presided. Appeal No. 1582

"Appeal of Mrs. Bernice Laba and Mrs. June Laba, for permit to construct addition to front of building occupied by Jefferson Printing Company at 3828 Washington, and addition to be constructed at 3830–32 Washington, extending to front property line. Denied by *Building Commissioner because of location in 'H' Commercial district in block where established building line is approximately 31 ft.*

"Appellants represented by Elmer Price, Attorney and Agent, who testified that the printing company plant was built about twelve years ago, and it has outgrown its quarters. They now propose to build out in front of that building and also construct an addition on the adjoining lots, recently purchased, extending to front property line and conforming with several other buildings in this block. Off-street parking to be provided.

"Motion by Leimkuehler, seconded by Mr. Boland and carried, that this appeal be granted in accordance with plans submitted *because more than one-third of the frontage of this block is built out to the property line, and the neighborhood is no longer residential, as it was when the 31 ft. building line was established.* With the building located on the front of the lot, ample space will be provided in the rear for parking and loading facilities.

"Vote: Ayes—Messrs. Beffa, Boland, Leimkuehler, Lawrence.

"Noes—None (Absent, Mr. Woermann)". (Emphasis supplied.)

If that order was a void order, then it matters not whether the attack upon it by this action be collateral, as the appellants contend, or direct, as the respondents maintain. If the judgment is really void any kind of proceeding to cancel it would be proper. State ex rel. Aquamsi Land Company v. Hostetter, 336 Mo. 391, 79 S.W.2d 463, quoted with approval in McIntosh v. Wiggins, 356 Mo. 926, 204 S.W.2d 770, and in McCoy v. Briegel, Mo.App., 305 S.W.2d 29. Our first inquiry, therefore, is as to the order of February 20, 1957; was it a void order?

The Board had jurisdiction over subject matter of the Labas' appeal by reason of the below quoted provisions of Section 19–C of the Zoning Ordinances of the City of St. Louis which follows the provisions of Section 89.100 RSMo 1949, V.A.M.S.:

"C. Appeals. Appeals to the Board may be taken by any person aggrieved

or by any officer, department, board or bureau of the City of St. Louis affected by any decision of the Building Commissioner or of the Board of Public Service. Such appeal shall be taken within a reasonable time, as shall be prescribed by the Board by general rule, by filing with the Building Commissioner or the Board of Public Service and with the Board a notice of appeal specifying the grounds thereof. * * *"

The other applicable provisions of that section read:

" * * * The Board shall fix a reasonable time for the hearing of the appeal, give public notice thereof, as well as due notice to the parties in interest, and decide the same within a reasonable time. At the hearing any party may appear in person or by agent or by attorney. A fee of Twenty Dollars ($20.00) shall be paid to the Board at the time an appeal is filed."

There was no contention that time fixed for the hearing was not reasonable. The respondents' principal reliance on this point is placed upon their contention that Section 19–C supra requires public notice *and* due notice to the parties in interest. Respondents contend that while the posting of notices in the front and rear of appellants' property and in the City Journal may constitute sufficient "public notice" it can not be held to give "due notice to the parties in interest." The trial court in its memorandum opinion did not make any specific finding as to whether or not there was any difference in "public notice" and "due notice to the parties in interest" but he does find, and the evidence amply supports that finding, that respondents did not have actual notice of the hearing but had only the constructive notice given by posting the notices at the front and rear of appellants' property and by publication in the City Journal. Appellants' principal reliance in this connection is placed on Judge Cardozo's opinion in Ottinger v. Arenal Realty Co., Inc.,

257 N.Y. 371, 178 N.E. 665. In that case, adjoining property owners sought to restrain the defendant from certain construction on his property on the ground that they had not received personal notice of a hearing before the Board corresponding to our Board of Adjustment. The only notice was by publication. Judge Cardozo held that neighboring landowners are not parties in interest; that the parties in interest are the owner complaining of an order appealed to the Board and the public official making the order; and that notice by publication was sufficient as to the adjoining property owners. The Ottinger case was followed in reasoning in Griest v. Hooey, 205 Misc. 396, 128 N.Y.S.2d 341, and tested by Gazan v. Corbett, 278 App.Div. 953, 105 N.Y.S.2d 187, affirmed 304 N.Y. 920, 110 N.E.2d 739, reargument denied 305 N.Y. 693, 112 N.E. 2d 775, certiorari denied 346 U.S. 822, 74 S.Ct. 38, 98 L.Ed. 348.

Respondents urge that the Ottinger case does not apply since the New York statute merely required "due notice thereof to the *parties*." [257 N.Y. 371, 178 N.E. 666] (Emphasis supplied.) Respondents cite 67 C.J.S. Parties Sec. 1–d, p. 888, as authority for their distinction between parties, i. e., one expressly named in the record as a plaintiff or a defendant, and parties in interest, i. e., any person who is merely interested in the action or proceeding, but not named as a party, and also all others who may be affected directly or consequently by the action proceeding. They contend that since neither the ordinance nor the enabling statute sets forth how due notice to the parties in interest shall be given, Section 1.-190 RSMo 1949, V.A.M.S. applies, and would require delivery of a true copy of the notice to the person or leaving a copy at his usual place of abode with some member of his family over 15 years of age.

█ It is not necessary for us to discuss the possible effect of the different wording in the ordinances of New York and St. Louis for we believe the principle of practical construction controls the matter. To

compel the Board to determine the record owners of each parcel of land in the block and to serve each in the manner provided by section 1.190 RSMo 1949, supra, would be to effectively deny the Board any right to hold a hearing for the purpose of considering appeals. If respondents' own criteria for parties in interest is accepted, the Board would have to determine not only the record owners, but also the actual owners, since they certainly would be as affected directly or consequently by the proceeding as the record owner who may be and quite often is, as is well known, merely holding title for them. The beneficiaries of trusts where the trustee holds title would presumably also have to be ascertained and served. Again, where are we to draw the geographic line? Could we stop with just the block in which the owner is located? May not the record and/or actual owners of property in adjoining blocks be adversely affected? The practical difficulties of the system of personal notice urged by respondents compels the decision that the notice given herein by posting of notices at the front and rear of appellants' property and by publication in the City Journal satisfies the notice requirements of Section 19–C of Ordinance No. 45309 of the Zoning Ordinances of the City of St. Louis. It follows that the Board had jurisdiction of the parties as well as jurisdiction of the subject matter.

■ However, the finding of jurisdiction in the Board over the subject matter, and the parties, does not finally determine whether or not the order of February 20, 1957 is valid or void. Not only must the Board have had jurisdiction over the parties and the subject matter, but they must have had authority to issue the order. As was stated in Mcsendieck Grain Co. v. Folz, 227 Mo.App. 24, 50 S.W.2d 159, at page 161:

"It is held that it is necessary that a court have jurisdiction, not only of the parties and the subject matter, but it must also have jurisdiction to render the particular judgment or order in the particular case. Otherwise the judgment or order is absolutely void."

Also see 49 C.J.S. Judgments § 19–d.

■ Keeping in mind that the Board of Adjustment and other similar quasi-judicial bodies can not be expected to phrase their findings in the literal language of the statute nor in the precise terminology courts strive for, we think a fair reading of the Board's order compels the decision that they made three findings. First, more than one-third of the frontage is built out to the property line. Second, the neighborhood is now commercial, not residential. Third, there was a building line of 31 ft. established in this block. That being so, it follows that the Board can not proceed under the provisions of Section 19–D–1 supra, since their finding of the 31 ft. line is the same finding made by the Building Commissioner. Even if we adopted appellants' position that a fair reading of the order of February 20, 1957 does not compel the decision made herein that there was a finding of the existence of a 31 ft. building line, the ordinance, Section 12–D–1–(a), does not give the Board any authority to enter an order such as this upon a finding that "more than one third of the frontage of the block is built out to the property line." While we have stated herein that the language of quasi-judicial bodies need not be exact so long as its meaning is clear, it is obvious that in this case the finding does not comply with even those standards. A majority, Webster's New International Dictionary, Second Edition, tells us, is "the greater of two numbers that are regarded as parts of a whole or total; the number greater than half; more than half of any total * * *" There is no finding of just how much frontage was actually improved, and while we can state that the Board found that more than 25% of the block was improved, we can not tell what a majority of "over one third" is, since we can not even tell what footage "over one third" actually is. There is no finding in the order that can be inter-

preted to be a finding that a majority of the improved frontage observes the property line and so established it as the building line instead of the 31 ft. line. In short, the Board's order does not show that it made the findings required by the provisions of Section 12–D–1–(a) and that therefore no front yard was needed.

▮ There is nothing in the ordinance to give the Board authority to relieve any of the provisions of the ordinance upon the finding that the neighborhood character has changed from residential to commercial. Nor can it be successfully contended that the Board proceeded to issue this order under the provisions of Section 19–D–4 of the Zoning Ordinances. There is a presumption that public officers have properly discharged their duties in the absence of proof to the contrary; State ex rel. Beacon Court, Inc. v. Wind, Mo.App., 309 S.W.2d 663. Section 19–D–5 supra requires the Board to set forth the full reason for their decision before that decision becomes effective, and it is obvious that the order complained of makes no findings which can be related to those required by Section 19–D–4 supra. Even if there had been such findings, the order would still not have been justified since it is obviously not an attempt to vary or modify the ordinance but is rather an attempt to amend it, and that the Board can not do. Wilson v. Douglas, Mo.App., 297 S.W.2d 588 at page 591. The Board is "an administrative body, without a vestige of legislative power," State ex rel. Nigro v. Kansas City, 325 Mo. 95, 27 S.W.2d 1030 at page 1032. State ex rel. Oliver Cadillac Co. v. Christopher, 317 Mo. 1179, 298 S.W. 720; Fairmont Investment Co. v. Woermann, 357 Mo. 625, 210 S.W.2d 26. The conclusion is inescapable that the Board had no authority or jurisdiction to enter the order of February 20, 1957 and it follows that the order was void and can be attacked in any manner, whether directly or collaterally.

▮ The above holding disposes of this case. Even if we were to assume all the elements of the appellants' contention of "equitable estoppel" as present in the case at bar, that theory is not available to appellants. "Equitable estoppel is impotent to purge transactions of the fatal infirmity of being in violation of law," Donovan v. Kansas City, 352 Mo. 430, 175 S.W.2d 874 at page 881, modified 352 Mo. 430, 179 S.W.2d 108, appeal dismissed 322 U.S. 707, 64 S.Ct. 1049, 88 L.Ed. 1551. A void order raises no duty to act, and no one is under any duty to protect himself from an illegal act by speaking or otherwise acting. This has been the rule in this State since early in our reported cases.

"The rule is, that no one can be estopped by an act that is illegal and void, and an estoppel can only operate in favor of a party injured in a case where there is no provision of law forbidding the party against whom the estoppel is to operate from doing the act which is sought to be carried out through its operation. 2 Herman on Estoppel, 922." Nichols v. Commercial Bank of Burlington Junction, 55 Mo. App. 81 at page 91.

In Atlantic National Bank of Jacksonville, Fla. v. St. Louis Union Trust Company, 357 Mo. 770, 211 S.W.2d 2 at page 8, it was held that

"Estoppel in pais is applicable to a right or a title which is voidable, or one which is defeasible, and usually has no application at all to a purported right wholly void from its inception and which actually never existed." (Citing cases.)

The decision on these points renders unnecessary consideration of the other points raised by appellants, and the Commissioner recommends that the judgment be affirmed.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.