**Jack and Jo Ann HUFF, et al.,
Plaintiffs-Appellants,**

v.

**BOARD OF ADJUSTMENT OF the
CITY OF INDEPENDENCE,
Missouri, et al., Defendants-Respondents.**

No. WD 36,668.

Missouri Court of Appeals,
Western District.

July 30, 1985.

Thomas E. Hankins, Gunn, Hall & Stahl, Gladstone, for plaintiffs-appellants.

John M. Gibson, William B. Moore, Campbell, Morgan & Gibson, Kansas City, for respondent Bd. of Adjustment.

John C. Cozad, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, for respondents Dr. & Mrs. William Hickerson.

Before LOWENSTEIN, P.J., and SHANGLER and SOMERVILLE, JJ.

PER CURIAM:

This is an appeal from a judgment of the Circuit Court of Jackson County in a review proceeding affirming a decision of the Board of Adjustment of the City of Independence, Missouri, dated May 17, 1984, approving the use of certain property in Independence by the Community Services League as "headquarters" for the distribution of food and money to the needy on the ground that said use was "substantially similar" to a "lawful prior nonconforming use" of the property as a "doctor's office."

Appellants are owners of residential property in the immediate vicinity of the "doctor's office". Respondents are the Board of Adjustment of the City of Independence, the individual members of the Board of Adjustment, and the doctor and his wife who own the controversial property.

At this juncture, it is appropriate to inject certain portions of § 14.01.006 of the Independence Zoning Ordinance because of their immediate relevance and controlling significance: "NONCONFORMING USES, BUILDINGS, STRUCTURES, AND YARDS. The lawful use of a building or land existing on the effective date of these regulations may be continued although such use does not conform to the regulations, *but it may not be changed to another nonconforming use.* Whenever the lawful use of a building becomes nonconforming through an amendment to the Zoning Ordinance or Zoning District Map, such use may be continued, *but it may not be changed to another nonconforming use.* In the event that a nonconforming use of any building or premises is discontinued for a period of one year or more, the use shall thereafter conform to all regulations of the district in which it is located. . . ." (emphasis added)

A brief dissertation upon the history of the property and its use, as well as certain procedural events, is in order. The property in question had been used by respondent doctor and his predecessor in title for many years as a doctor's office, and was being so used when the Independence Zoning Ordinance was enacted. After enactment of the Independence Zoning Ordinance, the property was zoned as "R–4, high density residential district." Use of property as a "doctor's office" in an R–4 district is prohibited. Respondent doctor continued to use the property as a doctor's office, and it stands undisputed that such use of the property constituted a lawful nonconforming use.

Respondent doctor, in contemplation of retirement, started phasing out his practice. The evidence introduced by the opposing parties at the hearing before the Board of Adjustment was in some respects contradictory regarding whether respondent doctor had "discontinued" use of the property as a doctor's office for a period of one year or more. As a sequel to phasing out his practice, respondent doctor requested "approval" from the "building inspector" of the City of Independence to rent the property to the Community Services League as "headquarters" for the distribution of food and money to the needy. On or about April 20, 1984, the "building inspector" denied respondent doctor's request and an appeal was taken to the Board of Adjustment of the City of Independence which, following a hearing, rendered the decision heretofore mentioned and around which this appeal revolves.

Appellants, from a practical point of view, rely upon two points on appeal: (1) the uncontradicted evidence disclosed that respondent doctor had discontinued use of the property as a doctor's office for more than one year and therefore under § 14.01.-006 of the Independence Zoning Ordinance his nonconforming use of the property as a doctor's office was terminated; and (2) even if the nonconforming use of the property as a doctor's office had not terminated, § 14.01.006 of the Independence Zoning Ordinance prohibits changing a nonconforming use (a doctor's office) to another nonconforming use (headquarters for distributing food and money to the needy).

The scope of appellate review in this matter is well defined. One, was the decision of the Board of Adjustment legal in the sense of being authorized by law, and, two, was the decision of the Board of Adjustment supported by competent and substantial evidence upon the whole record. *Stockwell v. Board of Zoning Adjustment of Kansas City,* 434 S.W.2d 785, 789 (Mo. App.1968); and *Wolfner v. Board of Adjustment of the City of Frontenac,* 672 S.W.2d 147, 150 (Mo.App.1984).

Regarding appellants' first point, it cannot be said that the *uncontradicted* evidence disclosed that respondent doctor had discontinued using the property as a doc-

tor's office for one year or more. Therefore, it necessarily follows that the subliminal conclusion of the Board of Adjustment that the nonconforming use of the property as a doctor's office had not been terminated was supported by competent and substantial evidence.

Appellants' second point, insofar as the scope of appellate review is concerned, turns on whether the decision of the Board of Adjustment was authorized by law. The key thereto lies in § 14.01.006 of the Independence Zoning Ordinance, particularly that portion thereof which provides in clear and unambiguous terms that a nonconforming use *"may not be changed to another nonconforming use."* (emphasis added)

The cardinal rule for construing ordinances is to ascertain and give effect to the intent of the enacting legislative body, and, in so doing, to construe words of common usage in accordance with their natural and ordinary meaning. *St. Louis County v. State Highway Commission,* 409 S.W.2d 149, 152 (Mo.1966). Some insight into the legislative intent imbuing § 14.01.006 of the Independence Zoning Ordinance is afforded by the judicial observation found in *Hoffmann v. Kinealy,* 389 S.W.2d 745, 750 (Mo. banc 1965): *"Certainly, the spirit of zoning ordinances always has been and still is to diminish and decrease nonconforming uses ...,* and to that end municipalities have employed various approved regulatory methods such as prohibiting the resumption of a nonconforming use after its abandonment or discontinuance, prohibiting the rebuilding or alteration of nonconforming structures or structures occupied for nonconforming uses, *and prohibiting or rigidly restricting a change from one nonconforming use to another."* (emphasis added)

The words employed in § 14.01.006 of the Independence Zoning Ordinance that a nonconforming use "may not be changed to another nonconforming use" are words of common usage, and, when afforded their "natural and ordinary meaning," say what they mean and mean what they say—a nonconforming use may not be changed to another nonconforming use. It is patent that under § 14.01.006 of the Independence Zoning Ordinance a change from one nonconforming use to another nonconforming use is absolutely prohibited as opposed to being merely restricted. Admittedly, analysis of a multitude of cases from this and other jurisdictions reveals that many zoning ordinances take a restrictive rather than a prohibitory approach regarding nonconforming use. For example, some permit changing a nonconforming use to another nonconforming use of the same classification, to another one of the same or higher classification, or to another use determined by the zoning authority to be no more detrimental to a neighbor than the original nonconforming use. Section 14.-01.006 of the Independence Zoning Ordinance provides no leeway whatsoever for changing from one nonconforming use to another nonconforming use. Instead, it absolutely prohibits changing a nonconforming use to another nonconforming use.[1] A nonconforming use of the property as "headquarters" for the distribution of food and money to the needy cannot be legally equated with its nonconforming use as a doctor's office.

■ In conclusion, the decision of the Board of Adjustment of the City of Independence, Missouri, permitting the nonconforming use of the property as a doctor's office to be changed to a nonconforming use as "headquarters" for the distribution of food and money to the needy was not authorized by law, i.e., § 14.01.006 of the Independence Zoning Ordinance, but, in fact, was expressly prohibited by said ordinance. Whether the change in use of the property was "substantially similar" to its

---

**1.** Although not an issue in this case, note is taken of *Hanna v. Board of Adjustment of Forest Hills,* 408 Pa. 306, 183 A.2d 539, 543–44 (1962): "The nonconforming use which is within the orbit of protection of the law and the Constitution is the nonconforming use which exists at the time of the passage of the zoning ordinance or the change in a use district under a zoning ordinance, not a *new* or *different* nonconforming use."

prior nonconforming use is neither relevant nor decisive as the ordinance, in clear, precise words of common usage, absolutely prohibits a change or variance from one nonconforming use to another nonconforming use. Permitting a change from one nonconforming use to another nonconforming use would subvert rather than effectuate the spirit and purpose of § 14.01.006 of the Independence Zoning Ordinance to phase out, not perpetuate, nonconforming uses. See generally *State ex rel. Nigro v. Kansas City*, 325 Mo. 95, 27 S.W.2d 1030, 1032 (banc 1930), and State ex rel. *Sheridan v. Hudson*, 400 S.W.2d 425, 430 (Mo. App.1966). The Board of Adjustment is an administrative body "without a vestige of legislative power" and it cannot "merely pick or choose as to the individuals of whom they will or will not request a strict compliance with the ordinance." *State ex rel. Nigro v. Kansas City*, supra, 27 S.W.2d at 1032. Its duty is to apply and enforce the zoning ordinances of the City of Independence as written, not modify or amend them on an ad hoc basis however subtle or inadvertent doing so may be.

The judgment of the trial court is reversed, and the cause is remanded to the trial court with directions to set aside its judgment affirming the decision of the Board of Adjustment of the City of Independence, Missouri, and to enter an order remanding the cause to the Board of Adjustment with directions to set aside its order of May 17, 1984, and enter a new order or decision denying respondent doctor and his wife permission to change the use of the property to another, new or different nonconforming use.

Judgment reversed and cause remanded with directions.