**Matthews v. Pernell**
**Case No. 11543**
**Montgomery County, (2nd)**
**Decided January 18, 1990**
[Cite as 1 AOA 104]

*Victor T. Whisman, Asst. Prosecuting Attorney, 301 West Third Street, Suite 500, Dayton, Ohio 45402, Robert E. Manley, Special Counsel for Butler Township, 4100 Carew Tower, Cincinnati, Ohio 45202, Attorneys for Plaintiffs-Appellees,*

*Wayne P. Stephan, 318 West Fourth Street, Dayton, Ohio 45402, James P. Rion, 333 West First Street, Suite 406, Dayton, Ohio 45402; Attorneys for Defendants-Appellants.*

GRADY, J.

In this appeal we are asked to determine whether the statutory exemption from township zoning regulation granted to a prior, nonconforming use is applicable to a use that has been judicially determined to be a public nuisance. We conclude that when the finding of nuisance is based on criminal activity determined to be a part of the use the same is unlawful and not entitled to the prior nonconforming use protection of R. C. 519.19.

### I.
#### *Factual Posture*

Appellees, who are the Board of Township Trustees and the Zoning Inspector of Butler Township in Montgomery County, have brought this action for declaratory judgment and injunctive relief against Appellants, owners and operators of an enterprise doing business as "A Touching Place". The action sought a declaration on the issue of whether Appellants are entitled to nonconforming use exemption to township zoning regulations to operate a massage parlor and/or perform massages for customers on Appellant's property.

On October 19, 1982, Butler Township adopted an amendment to its zoning code requiring adult entertainment facilities to obtain a conditional use permit. The code includes "massage parlors" within the definition of adult entertainment facilities. Appellant's business is a massage parlor, but it commenced business as such approximately seven years prior to the adoption of the zoning ordinance. Appellants do not possess a conditional use permit, but contend that their use prior to enactment of the zoning ordinance exempts them form its operation.

Subsequent to the adoption of the zoning ordinance, an action was commenced by the Montgomery County Prosecutor[1] to require Appellants to abate their massage parlor operation because it constituted a public nuisance. The court found A Touching Place to be ". . . public nuisance as defined in R. C. Section 3761.01 by virtue of the fact that prostitution is conducted, permitted and existing on the subject properties". The court in *Falke* also found Appellants Patricia Pernell and John Pernell "guilty of maintaining said nuisances pursuant to Section 3767.02 of the Ohio Revised Code". Orders of abatement were issued permanently enjoining the nuisance and ordering closure of the premises of A Touching Place at 8707 North Dixie Drive for any purpose for a period of one year unless bond was posted. The decision and order was affirmed by this court.[2] An appeal was taken to The Supreme Court of Ohio[3] but was dismissed *sua sponte* with a mandate issued to the Common Pleas Court to carry its judgment into execution. Those orders were executed. The one year closure provided commenced May 1, 1987.

On or about May 1, 1988, Appellants reopened their business as "A Touching Place" at the same former location, 8707 North Dixie Drive. Appellants did not seek or obtain a conditional use permit as a massage parlor/adult entertainment facility, contending that their use for seven years prior to the adoption of the zoning ordinance constituted an extended nonconforming use not controlled by the zoning ordinance. The current action was then commenced.

The trial court found that the business as operated, before and after the zoning regulation, was and is a "massage parlor". It also found the business the same as that determined in

*State ex rel. Falke* v. *Adams , et al, supra,* to be a public nuisance and illegal. The court concluded that a nonconforming use cannot be established unless it is based on a lawful use, citing *Petti* v. *City of Richmond Heights* (1983), 5 Ohio St. 3d 129, and *Pschesang* v. *Village of Terrace Park* (1983), 5 Ohio St. 3d 47. On that basis, the court found that Appellants not entitled to a nonconforming use extension or exemption and enjoined the operation of their business unless a conditional use permit is obtained.

## II.
### Extension of a Non-Conforming Conditional Use

Appellants have made two general assignments of error, which will be considered together. They are:

THE TRIAL COURT ERRED WHEN IT GRANTED PLAINTIFFS/APPELLEES' MOTION FOR PERMANENT INJUNCTION.
THE TRIAL COURT ERRED WHEN IT DENIED APPELLANTS A LEGALLY PROTECTED NON-CONFORMING USE.

Appellants make no contention that the Butler Township Zoning ordinance was improperly adopted or that it does not in its terms cover their business. Their sole contention is that the ordinance is inapplicable to them pursuant to R.C. 519.19 because their use, though nonconforming, is antecedent to the adoption of the ordinance and has not for these purposes been properly found to be unlawful.

R.C. 519.19 provides:

The *lawful use of any dwelling, building, or structure and of any land or premises, as existing and lawful at the time of enactment of a zoning resolution or amendment thereto, may be continued,* although such use does not conform with such resolution or amendment, but if any such nonconforming use is voluntarily discontinued for two years or more, any future use of said land shall be in conformity with sections 519.02 to 519.25, inclusive, of the Revised Code. The board of township trustees shall provide in any zoning resolution for the completion, restoration, reconstruction, extension, or substitution of nonconforming uses upon such reasonable terms as are set forth in the zoning resolution. (Emphasis added.)

An act is unlawful if it is prohibited by the laws of the State of Ohio. Prostitution, defined at R.C. 2907.01(D) as promiscuous engagement is sexual activity for hire, is prohibited by law and declared punishable as a third degree misdemeanor. R.C. 2907.25. Promoting prostitution, through operating a brothel or supervising or managing the activities of a prostitute, is also prohibited by law. R.C. 2907.22. It is beyond question that the foregoing activities are unlawful. Further, places in which they are regularly conducted have long been regarded as public nuisances. *Crofton* v. *State* (1874), 25 Ohio St. 249; R.C. 3761.01 (C).

It has been judicially determined in *State ex rel. Falke* v. *Adams, et al.* that Appellants' subject business is a public nuisance because it conducts and permits prostitution. Therefore, the activity of the business is unlawful.[4]

Uses which are unlawful or which constitute a public nuisance do not enjoy an exemption under R.C. 519.19 and are subject to a properly adopted zoning code even though the use preceded the adoption of the code or its relevant provisions. *Akron* v. *Chapman* (1953), 160 Ohio St. 382. They are not entitled to nonconforming use protection because the law will not protect an illegal act. The due process considerations which ordinarily prohibit retroactive regulation do not apply in that event.

The trial court was correct in finding that the exemption of R.C. 519.19 as it applies to prior nonconforming uses is inapplicable to Appellant's illegal use. The trial court acted within the bounds of its discretion and authority in denying a nonconforming use status to Appellants and enjoining their further operation of a massage parlor without the conditional use permit required by the Butler Township zoning ordinance.

Appellants are correct in arguing that the cases relied upon by the trial court[5] may be distinguished from these facts because in those cases the zoning regulation arose not from a township zoning ordinance but from a municipal zoning ordinance having a different statutory basis, R.C. 713.15. However, both of those cases are grounded on and follow the rule of *Akron* v. *Chapman, supra,* and hold that a prior use must be "lawful" to benefit from a nonconforming use extension. Those cases are not in conflict with

the decision of the trial court and support its finding and determination.

Appellants argue that the prior determination in *State ex rel. Falke* v. *Adams* is *res judicata* as to the parties and the issues, precluding and estopping Appellees from bringing this action. We do not agree. Any bar to a subsequent action arising from the doctrine of *res judicata* requires an identity of parties and causes of action. *Whitehead* v. *General Telephone Co.* (1969), 20 Ohio St. 2d 108. In *Falke* the action was brought in the name of the State according to statute, R.C. 3767.03. The current action is brought by a township pursuant to R.C. 519.16. The parties initiating the actions and the issues involved are different. *Res judicata* has no application.

Appellants also argue that the lack of new, substantive evidence presented in this action to support a denial of nonconforming use status deprives them of property arbitrarily and without due process of law. We do not agree. The determination in *Falke* was made by a court of competent jurisdiction before which Appellants appeared. That court's determination of illegality is binding Appellants and their business activity in any substantially similar form. No showing was made that the current business of "A Touching Place" was substantially or significantly different from that found to be a public nuisance. The trial court below properly took judicial notice of that prior determination of illegality pursuant to Civ. R. 44.1 in construing the applicability of R.C. 519.19, in which legality is a crucial element. There was no denial of due process.

### III.
### Conclusion

The decision and judgment of the trial court will be affirmed.

BROGAN, J. and FAIN, J., concur.

---

[1] State ex rel. Falke v. Adams, et al (Feb. 22, 1983), Montgomery C.P. Nos 83-1093, 83-1094, 83-1095, unreported.
[2] (May 8, 1986), Montgomery App. No. 9300, unreported.
[3] (Feb. 18. 1987), Case No. 86-1135.
[4] For a discussion of the application of nuisance statutes to massage parlors, see: annotation Massage Parlor As Nuisance (1977), 80 ALR 3d 1020.
[5] Petti v. City of Richmond Heights, supra, and Pschesang v. Village of Terrace Park, supra.