**Keith ACTON d/b/a Gentlemen's Quarters, Respondent,**

v.

**JACKSON COUNTY, Missouri, Appellant.**

**No. WD 46089.**

Missouri Court of Appeals, Western District.

March 9, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 1993.

Application to Transfer Denied June 29, 1993.

Russell D. Jacobson, Asst. County Counselor, Kansas City, for appellant.

Willard B. Bunch, Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and SHANGLER and SPINDEN, JJ.

SPINDEN, Judge.

When Jackson County authorities refused to permit Keith Acton to operate a massage parlor at 8603 East Truman Road as a nonconforming use, Acton sued for a declaratory judgment and injunction. He claimed that he should be exempted from complying with county zoning requirements for massage parlors because he was endeavoring to continue a nonconforming use which had existed since 1974 or earlier. The trial court agreed with Acton. The

county appealed. We reverse the trial court's judgment.

■ The county appealed on two grounds, but we do not reach the second point because we find merit in the first: The trial court erroneously found that Acton continued a legal nonconforming use. Acton's predecessor owners expanded their nonconforming use to include an illegal activity, prostitution. This changed the character of the nonconforming use and, hence, discontinued it.

■ Acton attacks the county's brief as violating Rule 84.04. He complains that the brief should be dismissed because the language of the county's points relied on vary from the points as they appear at the head of its arguments. We agree that this is not appropriate and is a technical violation of Rule 84.04. Given the merit of the county's appeal, however, we decline to dismiss the brief for this technical violation. *See Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978).

Theodore Irving, II, began operating a massage parlor in a doublewide, permanently attached mobile home at 8603 East Truman Road as authorized by a county license sometime during 1974. When he was convicted of income tax evasion and sentenced to prison in 1983, he gave the property to his mother, Juanita Irving, through a quit claim deed. She continued operating the massage parlor until sometime during 1984 when law enforcement officers raided the premises and found that prostitution was occurring there. The circuit court concluded that the massage parlor was a public nuisance and that the prostitution occurred with the knowledge of Irving and his mother. The court ordered the massage parlor to close until November 28, 1985.

■ The county argues in this appeal that the court's determination that the Irvings had knowingly permitted the premises to be used for illegal activity constituted discontinuance of a lawful nonconforming use, and Acton cannot assert that he was continuing a lawful nonconforming use. We agree that expansion of a lawful nonconforming use to include an illegal activity terminates the right to continue the nonconforming use.

■ The purpose of permitting a nonconforming use is to avoid the injustice of forcing a use to stop immediately when it had been lawful before enactment of a zoning provision. Nonconforming uses, however, are not favored in law because of their interference with zoning plans. Policy dictates that they should not endure any longer than necessary and should be eliminated as quickly as justice will permit. *See Hoffmann v. Kinealy,* 389 S.W.2d 745 (Mo. banc 1965); *Brown v. Gambrel,* 358 Mo. 192, 213 S.W.2d 931 (Mo.1948); and *Boyce Industries, Inc. v. Missouri Highway and Transportation Commission,* 670 S.W.2d 147 (Mo.App.1984). We agree with one commentator's observation, "It is the public policy to interpret zoning ordinances with a view to the early termination of nonconforming uses. Accordingly, provisions of zoning regulation for the continuation of such uses should be strictly construed[.]" 101A C.J.S. *Zoning & Land Planning* § 155 (1979). One means of accomplishing this has been to interpret zoning ordinances as "rigidly restricting a change from one nonconforming use to another." *Huff v. Board of Adjustment of City of Independence,* 695 S.W.2d 166, 168 (Mo.App.1985).

■ The burden of proving a nonconforming use is on the party asserting the right. *In re Coleman Highlands,* 777 S.W.2d 621, 624 (Mo.App.1989).

> [T]he burden of proving the right to maintain a non-conforming use is on the party seeking to continue said use. It is that party who must prove the essential elements of the right to maintain the use, including prior existence of the use, and denial of such use will be sustained where the evidence in support of such prior use is insufficient or contradictory.

*Schaefer v. Neumann,* 561 S.W.2d 416, 422 (Mo.App.1977). To meet his burden of proof, Acton had to establish that he met the requirements of the county's ordinance concerning nonconforming uses. The ordinance stated:

A nonconforming use ... existing lawfully under the Zoning Order of April 26, 1943 may be maintained or changed to a conforming use or a nonconforming use of the same or a higher classification but that nonconforming use ... shall not thereafter be ... [c]hanged to a use of a lower classification [or] ... [e]xpanded[.]

Acton did not meet his burden.

The previous owners did not maintain the property's use as a massage parlor. They expanded its use from a massage parlor to include illegal activity, prostitution in violation of §§ 567.010 through 567.100, RSMo 1978.[1] This court affirmed that finding in *State v. Irving*, 700 S.W.2d 529 (Mo.App. 1985). Such expanded use terminated the Irvings' right to maintain the nonconforming use. As this court has noted:

> The nonconforming use which is within the orbit of protection of the law and the Constitution is the nonconforming use which exists at the time of the passage of the zoning ordinance or the change in a use district under a zoning ordinance, not a *new* or *different* nonconforming use.

*Huff*, 695 S.W.2d at 168 n. 1 (quoting with approval *Hanna v. Board of Adjustment of Forest Hills*, 408 Pa. 306, 183 A.2d 539, 543–44 (Pa.1962) (emphasis in original)). Because the Irvings' right to use the property for a nonconforming purpose had already been lost when they transferred the property to Acton, his only option was to use the property in conformance with the county's zoning ordinances.

Acton argues, on the basis of *State ex rel. Keeven v. City of Hazelwood*, 585 S.W.2d 557 (Mo.App.1979), that closure of a nonconforming use "even when compelled because of violations of the law on the premises does not necessarily extinguish the rights of the owner or the owner's successors to resume the use once the impediment is released." The *Keeven* case does not support the proposition suggested by Acton. At issue in that case was a liquor store operating as a nonconforming use until the city refused to renew its liquor permit on the ground that the owner had not disclosed in his application that he had silent partners. He accepted the denial and set about to put his establishment into compliance with zoning ordinances and obtain a special use permit. The board refused to act on his application for a special use permit. The *Keeven* court affirmed the granting of a writ of mandamus ordering the city council to issue a liquor permit and to allow continuance of the nonconforming use. These facts are a far cry from Acton's situation; the city had not found illegal activity in the liquor store.

Much closer to Acton's case—virtually identical to it—are the facts of *Matthews v. Pernell*, 64 Ohio App.3d 707, 582 N.E.2d 1075 (Ohio App.1990), in which the court reached the same conclusion we do. At issue in that case was a massage parlor entitled to a nonconforming use exemption to zoning regulations. After the township adopted a zoning ordinance which would have prohibited the massage parlor, the county prosecutor obtained an injunction ordering closure of the massage parlor for one year because prostitution activities on the premises had rendered it a public nuisance. When the owners endeavored to reopen their massage parlor, the county refused to grant a permit, and the *Matthews* court found the denial proper:

> Uses which are unlawful or which constitute a public nuisance do not enjoy an exemption under [the zoning ordinance] and are subject to a properly adopted zoning code even though the use preceded the adoption of the code or its relevant provisions.... They are not entitled to nonconforming use protection because the law will not protect an illegal act. The due process considerations which ordinarily prohibit retroactive regulation do not apply in that event.

*Id.* 582 N.E.2d at 1078. We concur with this reasoning.

---

**1.** Acton acknowledged in his brief, "Mr. Irving was in effect found to have been conducting the legal business with an illegal 'extra,' so that the lawful nonconforming use continued while the unlawful activity also went on." This clearly was an expanded use.

For these reasons, we reverse the judgment of the trial court.

All concur.