OPINION
{¶ 1} Appellant New Castle Township Board of Trustees ("Board") appeals the decision of the Coshocton County Court of Common Pleas that dismissed its complaint for a permanent injunction filed against an adult cabaret business known as the "Fox Hole." The following facts give rise to this appeal.
 {¶ 2} On December 4, 2000, the Board filed a complaint requesting an order enjoining the Fox Hole from conducting, maintaining, using, occupying, or in any manner permitting the use of the premises as an adult cabaret due to violations of various regulations. On December 22, 2000, the Board filed a motion for a preliminary injunction. Appellees never answered the complaint in the common pleas court. However, on December 29, 2000, appellees had the matter removed to the United States District Court for the Southern District of Ohio. Appellees filed an answer, in the district court, on this same date.
 {¶ 3} The Board responded to the notice of removal by filing a motion to remand on January 30, 2001. The federal district court remanded the matter to the common pleas court on the basis that the Board's complaint did not present a federal question and the federal district court had no jurisdiction to hear this matter.
 {¶ 4} The trial court conducted a bench trial on August 31, 2001, and September 13, 2001. On December 28, 2001, the trial court filed a judgment entry in which is dismissed the Board's complaint finding appellees' business was not a public nuisance, that appellees' business was "grandfathered in" as it was in operation before the effective date of the regulations and that the procedural defects in the enactment of said regulations rendered them unenforceable.
 {¶ 5} The Board timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 6} "I. The trial court's decision that notice of hearing on proposed adult cabaret regulations was defective constitutes an abuse of discretion.
 {¶ 7} "II. Appellee is subject to the regulations enacted after original business operations commenced because appellee was a public nuisance operating without necessary permits when the regulations became effective."
 I {¶ 8} In its First Assignment of Error, the Board maintains the trial court's decision that the notice pursuant to R.C. 503.52(B) was defective is an abuse of discretion. We disagree.
 {¶ 9} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. The Board contends the trial court's decision is an abuse of discretion because R.C. 503.52(B) does not require that a hearing notice be published in the "legal advertising" section of the newspaper. Instead, the Board argues the hearing notice need only be published in a newspaper of general circulation. R.C.503.52(B) provides as follows:
 {¶ 10} "(B) A board may adopt regulations and amendments under this section only after public hearing at not fewer than two regular sessions of the board. The board shall cause to be published in at least one newspaper of general circulation in the township notice of the public hearings, including the time, date, and place, once a week for two weeks immediately preceding the hearings. The board shall make available proposed regulations or amendments to the public at the office of the board."
 {¶ 11} In its well-reasoned judgment entry, the trial court concluded the notices, in the Coshocton Tribune, that preceded the January and February 2000 township trustees' meetings were defective because they appeared as news articles, in the newspaper, as opposed to appearing in the "legal advertising" section of the newspaper. Judgment Entry, Dec. 28, 2001, at 4. The trial court also found the notices to be defective because the notices failed to include either the date of the hearings or the place where they were to be conducted. Id. at 8.
 {¶ 12} We find the trial court did not abuse its discretion in reaching this conclusion. In a case addressing the destruction of public records, this court stated that, "[w]hile the record may demonstrate that the appellees were aware of the article and its contents, we find that the newspaper article was insufficient in this case to provide actual or constructive notice to a reasonable person that R.C. 149.351 had been violated. [Citations omitted.] Newspaper articles are unreliable hearsay. [Citations omitted.] Hunter v. The City of Alliance, Stark App. No. 2001CA00101, at 3, 2002-Ohio-1130.
 {¶ 13} Further, even if we were to determine the newspaper articles provided sufficient notice pursuant to R.C. 503.52(B), as noted by the trial court, the articles did not contain the date of the hearings or location of the hearings and therefore, are defective.
 {¶ 14} Accordingly, we conclude the trial court did not abuse its discretion.
 {¶ 15} The Board's First Assignment of Error is overruled.
 II {¶ 16} The Board contends, in its Second Assignment of Error, the trial court erred when it concluded the Fox Hole was not subject to the regulations enacted after the original business operations commenced because the business was a public nuisance operating without the necessary permits when the regulations became effective. We disagree.
 {¶ 17} In support of this assignment of error, the Board maintains the regulations were effective on March 16, 2000, and the Fox Hole was not operating as a legal business until April 11, 2000, when an occupancy certificate was issued. Therefore, the Board maintains the regulations apply to appellees' business. We disagree with this conclusion based upon the disposition of the Board's First Assignment of Error. The effective date of the regulations is not March 16, 2000. As noted above, the adoption of the regulations on this date was ineffective due to improper notice pursuant to R.C. 503.52(B). The regulations were not properly adopted until the fall of 2000, at which time the Board enacted additional regulations.
 {¶ 18} The Board also maintains that even if we determine the regulations were not effective on March 16, 2000, because of the Board's failure to comply with the statutory notice requirement, the Fox Hole is a public nuisance, is not entitled to non-conforming use protection, and therefore, retroactive regulations may be applied to the business.
 {¶ 19} In support of this argument, the Board cites the case ofMatthews v. Pernell (1990), 64 Ohio App.3d 707, in which the Second District Court of Appeals held, "[p]rior nonconforming uses may not have the exemption from zoning regulation provided in R.C. 519.19 if those uses have been judicially determined to be illegal." Id. at syllabus. In reaching this conclusion, the court explained:
 {¶ 20} "Uses which are unlawful or which constitute a public nuisance do not enjoy an exemption under R.C. 519.19 and are subject to a properly adopted zoning code even though the use preceded the adoption of the code or its relevant provisions. Akron v. Chapman (1953),160 Ohio St. 382, 52 O.O. 242, 116 N.E.2d 697. They are not entitled to nonconforming use protection because the law will not protect an illegal act. The due process considerations which ordinarily prohibit retroactive regulation do not apply in that event." Id. at 712.
 {¶ 21} We find the Matthews case distinguishable from the case sub judice because Matthews addresses the application of retroactive regulations to a business that was judicially determined to be a public nuisance as defined in R.C. 3761.01. Id. at 710. In the matter currently under consideration, there has not been a judicial determination that the Fox Hole is a public nuisance. Judgment Entry, Dec. 28, 2001, at 12-13. Therefore, the Board's regulations may not be applied retroactively.
 {¶ 22} The Board's Second Assignment of Error is overruled.
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas, Coshocton County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P.J., and Hoffman, J., concur.
Topic: Defective Notice of Hearing.